IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

| | | |
|---|---|---|
| BRIAN GREEN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 3:15-CV-44 |
| | ) | |
| COMMERCIAL RECOVERY SYSTEMS, INC., | ) ) | |
| | ) | |
| Defendant. | ) | |

## COMPLAINT

NOW COMES the plaintiff, BRIAN GREEN, by and through his attorneys, FORTAS LAW GROUP, LLC., and for his Complaint against the defendant, COMMERCIAL RECOVERY SYSTEMS, INC., the plaintiff states as follows:

### I. PRELIMINARY STATEMENT

1. This is an action for actual and statutory damages for violations of the Fair Debt Collection Practices Act (hereinafter "FDCPA"), 15 U.S.C. §1692, et seq.

### II. JURISDICTION & VENUE

2. Jurisdiction arises under the FDCPA, 15 U.S.C. §1692 et seq., and pursuant to 28 U.S.C. §1331 and 28 U.S.C. §1337.

3. Venue is proper in this district pursuant to 28 U.S.C. §1391(b).

### III.  PARTIES

4. BRIAN GREEN, (hereinafter, "Plaintiff") is an individual who was at all relevant times residing in the City of Monroe, County of Walton, State of Georgia.

5. The debt that Plaintiff was allegedly obligated to pay was a debt allegedly originally owed by Plaintiff to Union Acceptance Company (hereinafter, "the Debt").

6. The debt that Plaintiff allegedly owed Union Acceptance Company was for an auto loan, the funds from which were used to purchase a vehicle for the for the personal use of Plaintiff.

7. Upon information and belief, National Credit Adjusters (hereinafter, "NCA") purchased, acquired and/or otherwise obtained the debt for the purpose of collection from Plaintiff.

8. Upon information and belief, NCA placed the Debt with Commercial Recovery Systems for the purpose of collection from Plaintiff.

9. At all relevant times, Plaintiff was a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

10. COMMERCIAL RECOVERY SYSTEMS, INC., (hereinafter, "Defendant") is a business entity engaged in the collection of debt within the State of Georgia. Defendant's principal place of business is located in the State of Texas. Defendant is incorporated in the State of Texas.

11. The principal purpose of Defendant's business is the collection of debts allegedly owed to third parties.

12. Defendant regularly collects, or attempts to collect, debts allegedly owed to third parties.

13. During the course of its efforts to collect debts allegedly owed to third parties, Defendant sends to alleged debtors bills, statements, and/or other correspondence via the mail and/or electronic mail and initiates contact with alleged debtors via various means of telecommunication, such as the telephone and facsimile.

14. At all relevant times, Defendant acted as a debt collector as that term is defined by 15 U.S.C. §1692a(6).

15. At all relevant times, Defendant acted through its duly authorized agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

### IV. ALLEGATIONS

16. On or about February 10, 2015, Defendant initiated a telephone call to Plaintiff's ex-wife.

17. During the course of the aforementioned telephone call, Defendant stated that she was attempting to speak with Plaintiff regarding documents attached to Plaintiff's social security number and Defendant proceeded to disclose Plaintiff's social security number to Plaintiff's ex-wife. Defendant further stated that it was "imperative" that Plaintiff call Defendant and that "she could not stress the urgency of this call enough."

18. During the course of the aforementioned telephone call, Defendant's representative did not state that she was calling to confirm or correct location information.

19. During the course of the aforementioned telephone call, Defendant disclosed that it was attempting to collect a debt from Plaintiff.

20. Plaintiff's ex-wife did not request that she be contacted by Defendant.

21. Plaintiff did not consent to Defendant contacting third parties.

22. Plaintiff's ex-wife relayed to Plaintiff the contents of the call from Defendant.

23. On or about February 10, 2015, Defendant initiated a telephone call to Plaintiff in an attempt to collect the Debt.

24. During the course of the aforesaid telephone call with Plaintiff, Defendant stated that if Plaintiff did not pay the Debt, it would "get the IRS involved."

25. During the course of the aforesaid telephone call with Plaintiff, Defendant stated that if the Debt was not paid by "noon on the 11th, a lawsuit and other action would be taken."

26. During the course of the aforesaid telephone call with Plaintiff, Defendant stated that if Plaintiff did not pay the Debt, Plaintiff's "wages would be garnished."

27. Upon information and belief, Defendant has not filed a lawsuit against Plaintiff for the Debt.

28. Upon information and belief, at the time of making the aforementioned threat, Defendant had no intention of filing a lawsuit against Plaintiff for the Debt.

29. Upon information and belief, Defendant has no authority to file a lawsuit against Plaintiff for the Debt.

30. Upon information and belief, at the time of making the aforementioned threat, Defendant had no authority to file a lawsuit against Plaintiff for the Debt.

31. At the time Defendant made the aforementioned threat to have Plaintiff's wages garnished, no lawsuit had been filed against Plaintiff for the Debt.

32. At the time Defendant made the aforementioned threat to have Plaintiff's wages garnished, no judgment had been entered against Plaintiff for the Debt.

33. The debt allegedly owed by Plaintiff is not a debt that can proceed to garnishment without Defendant first having secured a judgment against Plaintiff for the alleged debt.

34. On or about February 11, 2015, Defendant sent Plaintiff a correspondence dated February 11, 2015, in an attempt to collect the Debt from Plaintiff.

35. In the aforesaid correspondence Defendant sent to Plaintiff, dated February 11, 2015, Defendant stated: "Commercial Recovery Systems, Inc., will accept $3,000 as full and final settlement [on the Debt]...In addition, all derogatory credit information regarding this account will reflect the account to be settled. Please allow ninety (90) days for credit information to be updated."

36. Defendant's representations, in its correspondence to Plaintiff dated February 11, 2015, as delineated above, were false, deceptive and misleading given that, despite the implications to the contrary, Defendant was not reporting the Debt to any credit reporting agency.

37. Defendant's representations, in its correspondence to Plaintiff dated February 11, 2015, as delineated above, misrepresented the character, amount, and/or legal status of the Debt given that despite the implications to the contrary, Defendant was not reporting the Debt to any credit reporting agency.

38. In its attempts to collect the debt allegedly owed by Plaintiff to National Credit Adjusters, Defendant violated the FDCPA, 15 U.S.C. §1692, in one or more of the following ways:

    a. Communicated with any person other than the consumer for the purpose of acquiring location information about the consumer and failed to identify himself, failed to state that he is confirming or correcting location information concerning the consumer, and/or identified his employer without the express request of the consumer in violation of 15 U.S.C. §1692b(1);

    b. Communicated with any person other than the consumer for the purpose of acquiring location information about the consumer and stating that the consumer owes any such debt in violation of 15 U.S.C. §1692b(2);

    c. Communicated in connection with the collection of any debt with any person other than the consumer, his attorney, a consumer reporting agency if otherwise permitted by law, the creditor, the

    attorney of the creditor, or the attorney of the debt collector in violation of 15 U.S.C. §1692c(b);

d. Used false, deceptive, misleading and unfair or unconscionable means to collect or attempt to collect an alleged debt in violation of 15 U.S.C. §1692e;

e. Falsely represented the character, amount, or legal status of any debt in violation of 15 U.S.C. §1692e(2)(A);

f. Represented or implied that nonpayment of any debt will result in the arrest or imprisonment of any person or the seizure, garnishment, attachment, or sale of any property or wages of any person unless such action is lawful and the debt collector or creditor intends to take such action in violation of 15 U.S.C. §1692e(4);

g. Threatened to take action that cannot legally or is not intended to be taken in violation of 15 U.S.C. §1692e(5);

h. Used any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning the consumer in violation of 15 U.S.C. §1692e(10);

i. Used unfair and/or unconscionable means to collect or attempt to collect a debt in violation of 15 U.S.C. §1692f;

j. Was otherwise deceptive and failed to comply with the provisions of the FDCPA.

39. As a result of Defendant's violations as aforesaid, Plaintiff has suffered, and continues to suffer, personal humiliation, embarrassment, mental anguish and emotional distress.

## V.   JURY DEMAND

40.   Plaintiff hereby demands a trial by jury on all issues so triable.

## VI.   PRAYER FOR RELIEF

WHEREFORE, Plaintiff, BRIAN GREEN, by and through his attorneys, respectfully prays for Judgment to be entered in favor of Plaintiff and against Defendant as follows:

    a.   All actual compensatory damages suffered;

    b.   Statutory damages of $1,000.00;

    c.   Plaintiff's attorneys' fees and costs;

    d.   Any other relief deemed appropriate by this Honorable Court.

    Respectfully submitted,
    **BRIAN GREEN**

By: _s/ Scott Fortas_
    Attorney for Plaintiff

Dated: April 14, 2015

Scott Fortas (Bar No. 269980)
Fortas Law Group, LLC
1936 N. Druid Hills Rd., Suite 100B
Atlanta GA 30319
Telephone:(404) 315-9936
Facsimile: (404) 636-5418
E-Mail:    sfortas@fortaslaw.com